JOURNAL ENTRY AND OPINION
Appellant, Kathy Aughburns, appeals the decision of the Juvenile Division of the Cuyahoga County Court of Common Pleas granting permanent custody of her three children to the Department of Children and Family Services, hereinafter referred to as (CCDCFS). For the reasons set forth below, we reverse the decision of the Juvenile Court.
On August 28, 1997, CCDCFS filed a complaint alleging neglect and seeking permanent custody of Ayana and Tyrone Aughburns in Cuyahoga County Juvenile County Juvenile Court, Case Nos. 9792861 and 9792862. When the two children were taken out of the home, there were no utilities, no refrigerator or stove, and the appellant was not employed. On Nov. 26, 1997, CCDCFS amended the complaint and requested a disposition of temporary custody. At the adjudicatory and subsequent dispositional hearings, both children were determined to be neglected and placed in temporary custody with CCDCFS.
Shortly after Ayana and Tyrone were placed in temporary custody, the appellant gave birth to her third child, Adrianna. On February 27, 1998, CCDCFS filed a compliant for permanent custody of the newborn alleging dependency. On March 14, 1998, the trial court granted CCDCFS emergency custody of Adrianna. She has remained in the care and custody of CCDCFS since then.
On August 25, 1999, CCDCFS filed a motion to modify both complaints for temporary custody to permanent custody on all three children. A preliminary hearing was held in this matter on January 5, 2000. At the final hearing on August 17, 2000, Tyrone Aughburns, the father of one of the three children, expressed his desire to relinquish any and all parental rights. The court, after terminating Mr. Aughburns parental rights, proceeded to the adjudicatory hearing of Adrianna. After Adrianna was adjudicated dependent, the court proceeded with the dispositional hearing on all three children without objection.
At the conclusion of the dispositional hearing, the trial court, after reviewing the recommendation of the guardian ad litem, awarded permanent custody of all three children to CCDCFS. The appellant appeals the decision of the trial court and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION FOR PERMANENT CUSTODY OF AYANA, TYRONE, AND ADRIANNA AUGHBURNS BECAUSE THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.
 II. THE TRIAL COURT ERRED IN NOT ORDERING THE CHILDREN TO BE PLACED IN A PLANNED PERMANENT LIVING ARRANGEMENT, WHEN SUCH AN ORDER WAS SUPPORTED BY THE EVIDENCE ADDUCED AT TRIAL AND WHICH EVIDENCE DID SATISFY THE STATUTORY REQUIREMENTS AND CONDITIONS WHICH ALLOW A DISPOSITIONAL ORDER OF PLANNED PERMANENT LIVING ARRANGEMENT.
Appellant's first assignment of error contends that the trial court's decision granting permanent custody of the children to CCDCFS was against the manifest weight of the evidence. Appellant's first assignment of error is well taken.
This court abides by the principle that natural parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer (1982), 455 U.S. 745, 102 S.Ct. 1388. Nonetheless, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
An award of permanent custody of children who are neither abandoned nor orphaned is controlled by R.C. 2151.414(B)(1). Under this section, an agency seeking permanent custody must prove to the trial court, based on clear and convincing evidence, that (1) the grant of permanent custody is in the best interests of the children, and (2) the children cannot be placed with either parent within a reasonable time or should not be placed with their parents. R.C. 2151.414(D) lists those factors that a trial court should consider in determining what is in the best interest of the children, and 2151.414(E) establishes the grounds used by the trial court to determine if a child cannot or should not be returned to his or her parent.
2151.414(D) states:
 * * * [T]he court shall consider all relevant factors, including, but not limited to the following:
 (1) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressly directed to the child or through the guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure placement and whether the type of placement can be achieved without a grant of permanent custody to the agency.
A review of the evidence before the trial court reveals that the trial court improperly granted permanent custody to CCDCFS and the evidence presented did not support the termination of appellant's parental rights by clear and convincing evidence.
During the dispositional hearing, the State called Nancy Simon, a social worker supervisor of CCDCFS. Ms. Simon testified that the appellant has completed her parenting class, completed her case plan goals, has been attending the Northeast Health Services for the last two and a half years, and has been working part-time. In addition, through cross-examination, Ms. Simon testified that until July 30, 2000, Jenette McLean had been the ongoing social worker in this case and Ms. McLean had conducted all home visits. After Ms. McLean left the agency, Ms. Simon, her supervisor, took over Ms. McLean's duties in this case, seventeen days before this hearing. Based on this testimony, Ms. Simon did not possess sufficient information about the case history to accurately access appellant's progress or lack thereof.
CCDCFS then called Jerry Shepard who works at Northeast Ohio Health Services. Mr. Shepard had been working with the appellant for the past two and a half years. During that time, in addition to completing her case plan with CCDCFS, the appellant had also completed another case plan that she and Mr. Shepard put together. Mr. Shepard testified that if the appellant's children were returned to her, the housing program in which she was participating could find her appropriate housing to accommodate all three children. However, at the time of his testimony, Mr. Shepard felt that appellant did not have suitable housing for herself and her three children.
Furthermore, the trial court, in its conclusion, discussed the problems with placing children with their mother and the potential of the mother suffering relapses. The trial court stated * * * this is always the case, too, in drug dependency when the parent's a drug dependent, and they're in rehabilitation, and then they're doing well and then they go back, and then they're doing well again, and they're going back. However, after reviewing the record, there was no evidence to indicate that mother was a drug addict or that she had to go through rehabilitation. Therefore, the trial court erred in the use of this factor as justification for granting permanent custody to CCDCFS.
The trial court further discussed the importance of keeping the three children together and the fact that the foster family wished to adopt the three children. The judge's main focus was on permanency for the children, and he felt that, due to the factors presented, the appellant could not properly raise the children even though there was evidence that the appellant possessed a significant bond with the children. The judge concluded that the stability of adoption was more of a necessity for the children's growth.
While the needs of the children involved are of the outmost importance, so are the rights of the parents. This court holds that the State has failed to prove its burden by a clear and convincing standard that the appellant's parental rights should be terminated. Therefore, the trial court's judgment granting permanent custody to CCDCFS was against the manifest weight of the evidence.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ FRANK D. CELEBREZZE, JR., J.